UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **CARLINE VILBON**; and **A.V.**, a minor child,<br>　　*Petitioners*,<br><br>v.<br><br>**KEVIN AUCOIN,** in his official capacity as Director of the **RHODE ISLAND DEPARTMENT OF CHILDREN, YOUTH, AND FAMILIES; et al.**,<br>　　*Respondents* | C.A. No. 1:21-cv-00267-MSM-LDA |

### MEMORANDUM OF LAW IN SUPPORT OF
### THE STATE OF RHODE ISLAND'S MOTION TO DISMISS

This Court should dismiss Petitioner Carline Vilbon's ("Ms. Vilbon" or "Petitioner") "Amended Ex Parte Petition for Writ of *Habeas Corpus*" (ECF 4) ("*Habeas* Petition") because this Court lacks jurisdiction to grant *habeas* relief under 28 U.S.C. § 2254(a), as neither Petitioner nor her thirteen (13)-year-old son, A.V.,[1] are "in custody pursuant to the judgment of a State court." Furthermore, Ms. Vilbon has not exhausted State court remedies pursuant to 28 U.S.C. § 2254(b)(1), because the juvenile proceedings concerning A.V. remain pending before the Rhode Island Family Court.

### FACTS AND TRAVEL

On September 17, 2020, the Rhode Island Department of Children, Youth, and Families ("DCYF") received a report from a Hasbro Children's Hospital physician, Dr. Christine Barron, MD ("Dr. Barron"), pursuant to R.I. Gen. Laws §§ 40-11-5 & 40-11-6. *See* Report of Examination, ECF 4-2, at 43-44. In her report, Dr. Barron detailed that A.V. had multiple prior hospitalizations

---

[1] Because Ms. Vilbon's son is a minor, the State will refer to him as "A.V."

1

in the Behavioral Health Unit at Hasbro Children's Hospital for mental health crises, including suicidal ideations, and that Ms. Vilbon has a history of obstructing A.V. from receiving mental health treatment. *See id.* The report also noted that following A.V.'s September 2021 admission, Ms. Vilbon refused to sign the discharge paperwork because she disagreed with the diagnosis and claimed that the hospital had mistreated A.V. and lied to set her up. *Id.*; *see also id.* at 45. Dr. Barron concluded in her report that there was "evidence of injury", including neglect and physical abuse, and authorized a seventy-two (72) hour temporary detention of A.V. for his protection and safety. Dr. Barron notified DCYF Child Protective Services ("CPS") of the report, and Child Protective Investigator John F. Barletta ("CPI Barletta") was assigned to promptly investigate the case. *Id.*

**A. Rhode Island Family Court and Rhode Island Supreme Court proceedings:**[2]

On September 18, 2020, CPS issued a notification of investigation findings. CPS found that five (5) allegations of neglect had been "indicated" against Ms. Vilbon and one (1) allegation of physical abuse was "unfounded". *See* ECF 4-1, at 36-37. The same day, DCYF filed an expedited neglect petition with the Rhode Island Family Court based on the "indicated" findings and an affidavit submitted by CPI Barletta. *See In re A.V.*, PJ20-002943 (R.I. Family Ct., filed Sep. 18, 2020); *see also* ECF 4-2, at 45. A hearing on the neglect petition was held in Rhode Island Family Court before Judge Stuhlsatz on October 6, 2020. On October 19, 2020, Judge Stuhlsatz entered a Family Court Decree that Ms. Vilbon had waived her right to a probable cause hearing, ordered DCYF to make referrals for placement of A.V., and permitted Ms. Vilbon at least one (1) visit per week with A.V. to be supervised by DCYF or a third-party approved by DCYF, and

---

[2] Due to the confidential nature of state juvenile proceedings, the court dockets for the Rhode Island Family Court and Rhode Island Supreme Court proceedings concerning the DCYF neglect petition are unavailable for public viewing. *See* R.I. Gen. Laws §§ 8-10-21, 14-1-5 & 42-72-8.

continued the matter for periodic review. In accordance with the Family Court Decree,[3] A.V. was placed with the Center for Autism and Developmental Disability (CADD) Rumford House group home ("Rumford House"). Soon thereafter, Ms. Vilbon began a campaign to challenge the Family Court Decree, in multiple state and federal courts contemporaneously.

Beginning on January 4, 2021, Ms. Vilbon filed a petition for *habeas corpus* in the neglect proceeding. *See In re A.V.*, PJ20-002943 (R.I. Family Ct., filed Sep. 18, 2020). A few days later, on January 8, 2021, Ms. Vilbon filed a second *habeas* petition in the neglect proceeding. *See id.* In March and April 2021, Ms. Vilbon pursued an interlocutory appeal concerning the *habeas* petitions, which were transmitted to the Rhode Island Supreme Court on May 26, 2021. *See R.I. Dep't Children, Youth, and Families v. Vilbon v. Vilbon*, C.A. No. SU-2021-0098A (R.I. 2021).

**B.  Rhode Island Federal District Court and First Circuit proceedings:**

While the appeal was pending before the Rhode Island Supreme Court, Ms. Vilbon filed a petition for *habeas corpus* (*i.e.*, the instant *Habeas* Petition) with this Court on June 17, 2021. *See* ECF 1. A few days later, on June 24, 2021, Ms. Vilbon attempted to remove the interlocutory Rhode Island Supreme Court appeal to this Court. *See R.I. Dep't Children, Youth, and Families v. Vilbon v. Vilbon*, 1:21-cv-00272-MSM-LDA (D.R.I. dismissed Aug. 18, 2021), ECF 1-2. The

---

[3] The Decree has been amended several times by the Family Court to accommodate new developments in the ongoing neglect case. For example, shortly after being admitted to the Rumford House, A.V. required inpatient hospitalization on at least two occasions following significant events of crisis behavior. *See* ECF 4-2, at 55-59. On both occasions, Ms. Vilbon was uncooperative with medical services and refused to sign any documents to provide for the coordination of medical services for A.V. *See id.* Following A.V.'s return to the Rumford House, Ms. Vilbon visited with A.V. *See id.* During that supervised visit, A.V. reacted negatively, physically preventing Ms. Vilbon from leaving, becoming aggressive towards others, and began engaging in self-injurious and suicidal behavior when residential staff attempted to intervene. *See id.* In light of these incidents, the Family Court granted DCYF discretion as to visitation, so that Ms. Vilbon's contact with A.V. could be temporarily limited while he adjusts to being in residential care. *See id.*

Rhode Island Supreme Court dismissed the interlocutory appeal and remanded the neglect proceeding back to the Family Court on July 26, 2021, for further consideration. *See* Order, *R.I. Dep't Children, Youth, and Families v. Vilbon*, SU-2021-0098A (R.I., June 4, 2021); *see also* ECF 4-1, at 2.[4]

This Court, on August 18, 2021, dismissed the *habeas* petition that Ms. Vilbon had attempted to remove from the Rhode Island Supreme Court. This Court considered that *habeas* petition and determined:

> The underlying state case, the case that has been removed to this Court, *is not one over which federal district courts have jurisdiction*. The case instead arose as a petition in the Rhode Island Family Court to find that the defendant's child was neglected and granting temporary custody to the Rhode Island Department of Children, Youth, and Families ("DCYF"). *Jurisdiction over this type of proceeding is exclusively vested in the Rhode Island Family Court*. R.I.G.L. §§ 14-1-5, §14-1-8. It is therefore not a case that can properly be removed to this Court.

*R.I. Dep't Children, Youth, and Families v. Vilbon*, No. 1:21-cv-00272-MSM-LDA (D.R.I. Aug. 18, 2021), Memorandum and Order, ECF 5, at 1-2 (*emphasis added*). This Court concluded that, even viewing the *habeas* petition as an independent petition (such as the instant *Habeas* Petition), the case must be dismissed because Ms. Vilbon had not exhausted her state court remedies. Ms. Vilbon appealed this Court's dismissal on August 19, 2021, which remains pending before the First Circuit. *See R.I. Dep't Children, Youth, and Families v. Vilbon*, No. 21-1658 (1st Cir., Docketed Aug. 30, 2021). The following day, August 20, this Court entered an Order in the instant matter, directing the Rhode Island Attorney General to respond to the instant *Habeas* Petition.

---

[4] The State respectfully requests the Court take judicial notice of the dismissed Rhode Island Supreme Court interlocutory appeal, *R.I. Dep't Children, Youth, and Families v. Vilbon v. Vilbon*, C.A. No. SU-2021-0098A (R.I. 2021), and the remanded and still-ongoing Rhode Island Family Court neglect proceeding, *In re A.V.*, PJ20-002943 (R.I. Family Ct., filed Sep. 18, 2020), that are the subject of the *Habeas* Petition. *Cf Cruz v. Melecio*, 204 F.3d 14, 21 (1st Cir. 2000) (allowing courts to consider on a Motion to Dismiss "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice[.]").

To date, the neglect case concerning A.V. remains pending before the Rhode Island Family Court. *See In re A.V.*, PJ20-002943 (R.I. Family Ct., Sep. 18, 2020). Additionally, A.V. remains under the care and supervision of Rumford House staff. *See* Lifespan Facilities' Response to the Petition, ECF 13.

## ARGUMENT

### I. A.V. IS NOT "IN CUSTODY" WITHIN THE MEANING OF 28 U.S.C. § 2254

Neither Ms. Vilbon nor A.V. are "in custody" of the State of Rhode Island; they are not pretrial detainees, and they are not sentenced prisoners. As of this filing, both Ms. Vilbon and A.V. remain unencumbered by the Rhode Island criminal justice system. Rather, Ms. Vilbon, on behalf of her minor son, A.V.,[5] seeks to invoke the federal *habeas* jurisdiction of this Court to curtail an ongoing state court proceeding brought by DCYF against Ms. Vilbon for neglect. *See In re A.V.*, PJ20-002943 (R.I. Family Ct., filed Sep. 18, 2021); *see also* ECF 4-2, at 45. In essence, the *Habeas* Petition is a collateral attack on a Rhode Island Family Court order that suspended Ms. Vilbon's custodial rights and enabled DCYF to refer A.V. to the Rumford House for treatment.[6] *See* ECF 4-2, at 45. This Court has already considered and found, with respect to a nearly identical *habeas* petition filed by Ms. Vilbon, that it lacks jurisdiction to consider a collateral challenge to the Rhode Island Family Court neglect proceedings against Ms. Vilbon. *See R.I. Dep't Children, Youth, and*

---

[5] Ms. Vilbon is without authority to represent A.V. in the instant matter. Ms. Vilbon's parental rights concerning custody and signatory authority have been suspended by the Rhode Island Family Court. *See In re A.V.*, PJ20-002943 (R.I. Family Ct., filed Sep. 18, 2021); see also ECF 4, at 17-18. Additionally, Ms. Vilbon has proceeded in this matter *pro se*. *See* DRI LR 205(a)(2) ("An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this Court to appear on his or her behalf.").

[6] The Family Court order also permitted DCYF or a designated third-party agency to refer A.V. to a specialized group home that could provide him with the medical and mental health treatment he needs to ultimately reunite him with Ms. Vilbon.

5

*Families v. Vilbon*, No. 1:21-cv-00272-MSM-LDA (D.R.I. Aug. 18, 2021), Memorandum and Order, ECF 5, at 1-2 ("[t]he underlying state case…is not one over which federal district courts have jurisdiction.").

While the instant case presents an unusual circumstance—a *habeas* petition filed by a parent on behalf of their child following the involuntarily suspension of custodial rights—this is not a case of first impression. In *Lehman v. Lycoming County Children's Services Agency*, a mother filed a federal *habeas* petition, pursuant to 28 U.S.C. §§ 2241 and 2254, requesting *inter alia*, an order restoring Lehman's parental rights and releasing her children to her custody. 458 U.S. 502 (1982). The district court dismissed the petition without a hearing, finding that the custody maintained by Lehman was not the "type of custody to which the federal *habeas corpus* remedy" may be addressed. *Id.* at 505. Lehman appealed and the Third Circuit, sitting *en banc*, issued a divided opinion that affirmed the dismissal. *Id.* Lehman petitioned for certiorari review, arguing that her children were involuntarily in the custody of the state for purposes of § 2254 because they were in foster homes pursuant to an order by a Pennsylvania court. *Id.* at 510. The United States Supreme Court granted Lehman's petition to confront the question of whether federal *habeas corpus* jurisdiction, under 28 U.S.C. § 2254, may be invoked where the state has obtained custody of a child after a parent's rights were terminated. *See id.* at 507.

The Supreme Court succinctly held that "§ 2254 does not confer federal-court jurisdiction" in child-custody cases. *Id.* at 506. In its analysis, the Supreme Court looked to the traditional application of *habeas corpus* to prisoners and detainees and found that children placed in foster homes pursuant to a state court order did not suffer the restrictions imposed by a state criminal justice system. *Id.* at 511. And since § 2254 was enacted in 1867, "federal *habeas* has never been available to challenge parental rights or child custody." *Id.*; *see also Doe v. Baker*, No. CV 18-

6

11500-DJC, 2019 WL 8333756, at *2 (D. Mass. Apr. 29, 2019), *aff'd*, No. 13-1423 (1st Cir. Dec. 16, 2013) ("federal *habeas corpus* jurisdiction is not available to challenge parental rights or child custody."). The Court further considered comity and federalism concerns and the "special solicitude" for states' strong interests involving family, family-property arrangements, and child-custody disputes. *Lehman*, 458 U.S. at 503 ("[E]xtending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts"). The Supreme Court concluded that, because § 2254 represents a "profound interference with state judicial systems and the finality of state decisions", the writ of *habeas corpus* "should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns." *Lehman*, 458 U.S. at 515. Accordingly, the Court held that children involuntarily removed from the care of their parents and placed in the care and control of an authorized third-party, such as a foster parent, are not "in the 'custody' of the State", within the meaning of 28 U.S.C. § 2254.

The instant *Habeas* Petition is identical to the petition the Supreme Court dismissed in *Lehman*. Here, Ms. Vilbon asserts that "the Rhode Island Family Court has placed [A.V.] in the temporary custody of the DCYF" and seeks to relitigate issues decided by the Rhode Island Family Court in an ongoing neglect case.[7] Additionally, the *Habeas* Petition requests the same relief requested in *Lehman*; an order pursuant to 28 U.S.C. § 2254 "directing [DCYF] to immediately release A.V. from custody" and to restore Ms. Vilbon's parental rights that remain suspended by

---

[7] Although somewhat circular, Ms. Vilbon re-alleges that the ongoing Family Court proceedings are vast conspiracy between DCYF, Hasbro Children's Hospital, Bradley Hospital, and the Rumford House to violate her constitutional rights because she contested the neglect petition. *See* ECF 4 at 15.

7

the Rhode Island Family Court. *See* ECF 4, at 19-20. With respect to Ms. Vilbon's former request, the State cannot release A.V. from custody, because A.V. is not in the State's "custody" within the meaning of 28 U.S.C. § 2254. *See* Lifespan Facilities' Response to the Petition, ECF 13 ("[A.V.] is currently under the care and supervision of Rumford House staff."). Moreover, as to Ms. Vilbon's latter request, that this Court restore her custodial rights that were suspended by the Rhode Island Family Court, it is respectfully submitted that this Court lacks jurisdiction under § 2254 to vacate a Rhode Island Family Court decree concerning child custody. *See Lehman*, 458 U.S. at 502; *see also* R.I. Gen. Laws § 14-1-5 (granting the Rhode Island Family Court exclusive original jurisdiction over child-neglect proceedings); *R.I. Dep't Children, Youth, and Families v. Vilbon*, No. 1:21-cv-00272-MSM-LDA (D.R.I. Aug. 18, 2021), Memorandum and Order, ECF 5, at 1-2 ("The underlying state case, the case that has been removed to this Court, is not one over which federal district courts have jurisdiction.").

Irrespective of the jurisdictional infirmities of the *Habeas* Petition, fundamental principles of federalism nevertheless counsel against collateral interference of a Rhode Island Family Court proceeding brought by the State against Ms. Vilbon for neglect. *Cf. Younger v. Harris*, 401 U.S. 37 (1971); *In re Justs. of Superior Ct. Dep't of Massachusetts Trial Ct.*, 218 F.3d 11, 18 (1st Cir. 2000) (quoting *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973) ("We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."). As the U.S. Supreme Court has made clear, "a federal court should abstain and dismiss when a collateral challenge is mounted, as it is here, to state proceedings in which important family interests are being litigated." *Shu Shean Wong v. Dep't of Soc. Servs.*, No. CIV.A. 09-12121-DPW, 2013 WL 1795581, at *1 (D. Mass. Mar. 26, 2013), *aff'd* No. 13-1423 (1st Cir. Dec. 16, 2013) (citing *Moore v. Sims*, 442 U.S. 415

8

(1979)).

Here, there are significant state interests at stake. The *Habeas* Petition seeks to seriously disrupt ongoing Rhode Island Family Court proceedings that involve allegations of neglect against Ms. Vilbon and concern the health and safety of her minor son. *See In re Justs. of Superior Ct. Dep't of Massachusetts Trial Ct.*, 218 F.3d at 18 (affirming the dismissal of a *habeas* petition on abstention grounds where petitioners' release from custody would be "tantamount to an injunction … prohibiting the state from proceeding with [a] prosecution."). Accordingly, the *Habeas* Petition should be dismissed.

## II.   MS. VILBON HAS NOT EXHAUSTED HER STATE COURT REMEDIES

The *Habeas* Petition further warrants dismissal because Ms. Vilbon has not exhausted her state court remedies with respect to her allegations that A.V. is in the custody of the State of Rhode Island. In the context of a § 2254 *habeas* petition, the Supreme Court has stated:

> Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a *habeas* petition.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A); *Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007) ("A claim for *habeas corpus* relief has been exhausted where the claim has been 'fairly presented' to the state courts.") (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).

A.V. is currently "under the care and supervision" of the Rumford House, in accordance with the Rhode Island Family Court Decree. It is clear from court records and the *Habeas* Petition itself that the Family Court proceeding remain ongoing and the Rhode Island Supreme Court appeal remains pending. *See R.I. Dep't Children, Youth, and Families v. Vilbon*, No. 1:21-cv-00272-MSM-LDA (D.R.I. Aug. 18, 2021), Memorandum and Order, ECF 5, (dismissing an

9

identical *habeas* petition filed by Ms. Vilbon for failure to exhaust under § 2254 because "she does not appear to have given the state courts an opportunity to consider the substance of the constitutional claims.").[8] Because the state court proceedings remain pending, Ms. Vilbon has not exhausted her state court remedies and she therefore has not satisfied the prerequisite for *habeas* relief under § 2254(b)(1). *See Eaton v. Holbrook*, 671 F.2d 670, 671, (1st Cir. 1982) (holding that "§ 2254's exhaustion requirement is not satisfied by a mere presentation of the same factual allegations to the state court as to the federal court.").

### III.  OTHER GROUNDS FOR DISMISSAL

The State further believes that, if this Court had jurisdiction and Ms. Vilbon exhausted all available State court remedies, dismissal would nevertheless be appropriate because the Rhode Island Family Court's and Rhode Island Supreme Court's orders do not constitute an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). The State would request leave to file a supplemental memorandum of law to address these issues in more detail should this Court deny the instant motion to dismiss.

### CONCLUSION

The Supreme Court has made it unequivocally clear that § 2254 does not confer jurisdiction to federal courts in precisely this instance; a *habeas* petition challenging the suspension of parental rights and child custody. *See Lehman*, 458 U.S. at 502. Additionally, the *Habeas* Petition aims to seriously disrupt an ongoing Rhode Island Family Court proceeding that involving a significant state interest—the custody and wellbeing of a minor—and federalism counsels heavily against

---

[8] It is unclear whether the instant *Habeas* Petition is further barred by *res judicata*, given this Court's dismissal of the same *habeas* petition in *R.I. Dep't Children, Youth, and Families v. Vilbon*, No. 1:21-cv-00272-MSM-LDA (D.R.I. Aug. 18, 2021). The State would request leave to file a supplemental memorandum of law to address these issues in more detail should this Court deny its motion to dismiss.

undue interference by federal courts with state court proceedings concerning child custody issues. *See In re Justs. of Superior Ct. Dep't of Massachusetts Trial Ct.*, 218 F.3d at 18 (recognizing the application of "fundamental characteristics of our governmental structure—federalism and its mandate that the federal government, including the Judiciary, avoid undue interference with state matters" apply to *habeas corpus* petitions.); *see also Doe*, 747 F.2d at 44. Moreover, because the neglect proceeding remains pending before the Rhode Island Family Court, Ms. Vilbon has not exhausted her state court remedies. *See In re A.V.*, PJ20-002943 (R.I. Family Ct., Sep. 18, 2020); *see also R.I. Dep't Children, Youth, and Families v. Vilbon*, No. 1:21-cv-00272-MSM-LDA (D.R.I. Aug. 18, 2021). As such, the *Habeas* Petition should be denied and dismissed.

WHEREFORE, the State respectfully requests the Court dismiss Ms. Vilbon's Petition for *Habeas Corpus* under 28 U.S.C. § 2254.

Respectfully Submitted,

**STATE OF RHODE ISLAND**,
By:

**PETER F. NERONHA**
**ATTORNEY GENERAL**

*/s/ Justin Sullivan*
Justin J. Sullivan, Bar No. 9770
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St., Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2007
Fax: (401) 222-2995
jjsullivan@riag.ri.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on Monday, October 04, 2021 I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I further certify that on Monday, October 04, 2021 I mailed a true and accurate copy of the within document via U.S. First Class mail, postage prepaid, to the following:

Carline Vilbon
74 Prince St.
Pawtucket, RI 02860

                                                                             */s/Justin J. Sullivan*