Carline Vilbon
Plaintiff,

Vs.

Case No. 21-1658

The lifespan Facilities, Hasbro Children Hospital
And the Rumford House Group Home
Defendant,

### PLAINTIFF'S OPPOSITION TO THE STATE OF RHODE ISLAND'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to the United States Code 28 U.S.C § 2254, the Code of federal regulations, 25 C.F.R. § 11.404, the Fourteenth Amendment, (Right to due process and equal protection of the laws) and the Fourth Amendment of the U.S. Constitution, which prohibits unreasonable seizers, I, Carline Vilbon, the Plaintiff request this honorable Court to deny the State of Rhode Island's Motion to Dismiss and to grant the Plaintiff's Petition for Writ of Habeas Corpus, because Its argument is not substantiated by law, and for submitting false and misleading information to this Court.

And as ground I state the Following:

Pursuant to 28 U.S.C. § 2242 a person may petition for Writ of Habeas Corpus on behalf on an applicant who is detained or and such remedies are not limited to those who are in state prisons. Additionally, 25 C.F.R. § 11.404 "A person commits a misdemeanor if he or she knowingly

restrains another unlawfully, so as to interfere substantially with his or her liberty". Accordingly, the manner in which my son was detained by the Hasbro Children's Hospital ' doctor Barron, with falsified medical records, to make me appear abusive and the Department of Children, Youth and family's child protective investigator, John Barletta, render's this matter of multiple Federal Constitutional Violations, civil rights and human rights violation, which gives this court original jurisdiction to hear this case and intervene in situations where an injured party seeks remedies as a result of a State's failure to protect Its citizens, and depriving them of their Human and Constitutional rights.

The State's lack authority by citing 28 U.S.C. § 2254(a), and 2254(b)(1) as reasons for dismissal, because my son Alex was in fact unlawfully detained by evidence of the 180 pages Habeas Corpus Petition, which I filled with this court, and the State has failed to defend the unlawful actions of Its employees in detaining my son Altamir, by false and misleading information as described in my verified Habeas Corpus petition. The State also falsely accused me in attempt to justify the actions of Its employees and so shielding Dr. Barron from the detainment of Alex, which is not legally justified. The state falsely accused me of abuse, when this was never mentioned in the state proceedings. In doing so, the State has also demonstrated Its failure and unwillingness to protect Its citizens from harm and injustice

Moreover I have exhausted all state remedies by petitioning the Family Court and the Supreme Court, pursuant to Rhode Island General Laws ch 10-9, but the state courts disregarded my concerns and dismissed my petition at the Supreme Court. Therefore I have met the burden of 28 U.S.C. § 2254 which demonstrates that I have exhausted all remedies at the state level for the Habeas corpus.

The Stated many Case laws, such as in child custody cases that are irrelevant to this case, since Alex was unlawfully detained by Its employees, John Barletta, who also violated my rights to due process, by forging a document which prevented me from appealing his unjust decisions whith the DCYF's appeal board.

WHEREFORE: I, the Plaintiff request this Court to order Its Issuance of Habeas Corpus of my son, and according to the original jurisdiction the Court holds Pursuant to the United States Code 28 U.S.C § 2254, the Code of federal regulations, 25 C.F.R. § 11.404, the Fourteenth Amendment, (Right to due process and equal protection of the laws) and the Fourth Amendment of the U.S. Constitution which prohibits unreasonable seizures, for the best interest of the public, and for good cause.

Respectfully submitted,

*Carline Vilbon*
Carline Vilbon

Dated October 18, 2021