# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| CARLINE VILBON; and A.V., a minor child, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) ) | C.A. No. 1:21-cv-00267-MSM-LDA |
| KEVIN AUCOIN, in his official capacity as Director of the RHODE ISLAND DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES; et al., | ) ) ) ) ) ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. §2254 by Carline Vilbon on behalf of her minor child A.V.  Respondents have moved to dismiss the petition (ECF No. 23) and the petitioner has moved for the issuance of a temporary restraining order (ECF No. 30).  For the reasons set out below the Respondents' Motion to Dismiss is GRANTED and the Habeas Petition is Dismissed. The Petitioners Motion for a Temporary Restraining Order is DENIED as moot.

## I.   BACKGROUND

After receiving a report from Dr. Christine Barron, M.D., pursuant to R.I. Gen. Laws §§40-11-5 & 40-11-6 on September 17, 2020, the Rhode Island Department of Children, Youth, and Families ("DCYF") initiated an investigation into possible abuse

and neglect of the minor petitioner A.V.  The next day, the Child Protective Services of DCYF issued a report finding that the allegations of neglect were indicated, and the allegation of physical abuse was unfounded.  (ECF No. 4-1).  As a result of this report DCYF filed a petition in the Rhode Island Family Court seeking temporary custody of the minor petitioner.  After a hearing on October 6, 2020, the Family Court entered a decree on October 19, 2020, granting DCYF temporary custody of A.V. and directing the agency to make referrals for appropriate placement.   A.V. was subsequently placed at the Rumford House and Ms. Vilbon was granted weekly visits.

## II.   DISCUSSION

Ms. Vilbon has filed this petition pursuant to 28 U.S.C. §2254 seeking the immediate release of her son from custody (ECF No. 4, p. 19).[1]  28 U.S.C. §2254 empowers federal courts to entertain applications for writs of habeas corpus made on behalf of people who, because of a state court order, are in custody in violation of the Constitution or laws of the United States.  To succeed on an application for a writ of habeas corpus a petitioner must demonstrate that he is in custody pursuant to the judgment of a state court and that he has exhausted the remedies available in the State courts or that there are no remedies that exist or are sufficient to protect the petitioner's rights.  28 U.S.C. §2254(b)(1).

Courts have expanded the use of the writ of habeas corpus beyond that which is contemplated by the strictest reading of the statute.  *See Jones v. Cunningham*,

---

[1] Ms. Vilbon is not an attorney and, accordingly, may not represent her minor child before this court.  See L.R. Gen 205(a)(2).  Because this order dismisses the Petition, representation of A.V. need not be addressed here.

371 U.S. 236 (1963) (holding that custody requirement was satisfied by parolee because parole necessarily involved significant restraints on liberty); *Hensley v. Municipal Court*, 411 U.S. 345 (1973) (allowing petition by defendant who had been released after sentencing but prior to beginning his prison sentence.)  However, courts "ha[ve] never considered [a writ of habeas corpus] a generally available federal remedy for every violation of federal rights." *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 510 (1982).   The United States Supreme Court has "limited the writ's availability to challenges to state court judgments in situations where – as a result of a state-court  criminal conviction -- a petitioner has suffered substantial restraints not shared by the public." *Id.*

 "[F]ederal habeas has never been available to challenge parental rights or child custody." *Lehman*, 458 U.S. at 511 see e.g., *Hemon v. Office of Public Guardian*, 878 F.2d 13, 14 (1st Cir. 1989) ("It is settled law that federal habeas corpus jurisdiction does not extend to state court disputes over child custody.")  This court, therefore, does not have the power to entertain the petitioners' request.

Finally, this matter concerns an ongoing child custody matter that is still pending before the Rhode Island Family Court. Even if the court, because the petitioner is *pro se,* were to address the matter as a civil action as opposed to a petition for writ of habeas corpus, the court would decline to intervene as the state court case has not yet been finally adjudicated.  *Brooks v. New Hampshire Supreme Court,* 80 F.3d 633, 639 (1st Cir. 1996) (applying abstention doctrine of *Younger v.*

*Harris*, 401 U.S. 37 (1971) to bar a federal lawsuit that would "inject" the federal court into ongoing state attorney disciplinary litigation).

Therefore, the respondents' Motion to Dismiss (ECF. No. 23) is GRANTED. The Amended Petition for Writ of Habeas Corpus (ECF. No. 4) is DENIED.  Because this Order dismisses the action, the Petitioners' Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction (ECF No. 30) as well as her Motion to Consolidate Cases (ECF No. 33) are DENIED as moot.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge


December 13, 2021